**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alterra Property Owners Association, ) | CV 11-02494-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Ramsey D. Gordon; Beverly G. Gordon;) CACH LLC; Agua Caliente Investments) III LLC; Manatee Investments III LLC;) CIT Small Business Lending Corp.;) Unknown heirs and devisees of each of the) named defendants, if deceased, ) | |
| Defendants. ) | |

The court has before it plaintiff's motion to remand to state court (doc. 21). Plaintiff originally filed this action in the Superior Court of Arizona in Maricopa County concerning foreclosure of its lien on a piece of property in Scottsdale, Arizona owned by defendants Ramsey and Beverly Gordon. Plaintiff seeks to have its lien judged superior to the interests of the defendant entities. The United States of America, Department of Treasury, originally named as a defendant, removed this action pursuant to 28 U.S.C. §§ 1442 and 1444.[1] We dismissed the United States of America, Department of Treasury from this action pursuant to stipulation (doc. 20). None of the remaining defendants have appeared.

---

[1] Under 28 U.S.C. § 1444, foreclosure actions filed against the United States may be removed to federal court.

Plaintiff moves for remand, arguing that only state law claims remain now that the United States has been dismissed from this action. Because we have dismissed the claim which gave rise to federal question jurisdiction, we may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). In the ordinary case where all federal claims are dismissed, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988)). This action is in the very early stages. None of the remaining defendants have appeared. On balance, all factors point towards declining to adjudicate plaintiffs' state law claims. The best place to resolve state law claims is state court.

**IT IS ORDERED GRANTING** plaintiff's motion to remand to state court (doc. 21).
**IT IS ORDERED VACATING** the Rule 16 scheduling conference set for March 23, 2012. The Clerk shall remand this action to the Superior Court of Arizona in Maricopa County.

DATED this 14th day of March, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -